**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALFONSO MARTIN-PORTILLO,** | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **A-07-CA–673 LY** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Alfonso Martin-Portillo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on August 7, 2007 (Clerk's Doc. No. 1). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

The record shows that Alfonso Martin-Portillo ("Petitioner") was originally charged on December 4, 1989 in the Del Rio Division of the Western District of Texas with a Two-Count Indictment alleging (1) conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* 2:89-CR-085 AML. After a jury trial, Petitioner was convicted of both counts contained in the Indictment. On April 12, 1990, the District Court sentenced Petitioner to concurrent 360 month terms of imprisonment on each count, followed by a five-year term of

supervised release, and ordered Petitioner to pay a $100 mandatory assessment fee. *See* 2:89-CR-085 AML. The Fifth Circuit Court of Appeals affirmed the defendant's conviction and sentence without issuing an opinion. *United States v. Portillo*, 931 F.2d 889 (5 Cir.)(table), *cert. denied*, 502 U.S.877 (1991). Petitioner subsequently moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On October 10, 1996, the District Court ordered Portillo's sentence be reduced to concurrent terms of 324 months, and on November 21, 1996, to 312 months. On May 12, 1997, Petitioner's sentence was further reduced to 260 months. *See* Docket # 52 in 2:89-CR-085 AML.[1]

On April 25, 1997, Petitioner filed an untimely motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, *See* Docket # 50, which the District Court denied on November 25, 1998. *See* Docket # 67. The Fifth Circuit subsequently denied Petitioner a certificate of appealability. On October 15, 2003, Portillo filed a § 2241 Petition alleging ineffective assistance of counsel and challenging the "criminal history category calculation used in this case." *See* Docket # 75. Although Petitioner labeled his petition as a § 2241 motion, the District Court construed the petition as a successive § 2255 motion and dismissed it for want of jurisdiction on December 2, 2004. *See* Docket # 77. The Fifth Circuit denied Petitioner's request to file a successive § 2255 petition.

On February 2, 2007, Petitioner filed a Motion to Reduce his Sentence with the District Court again challenging the calculation of his sentence. *See* Docket # 80. As in the instant Motion before the Court, Petitioner argued that the PSR incorrectly attributed one criminal history point for a 1987 state offense. United States District Judge Alia Ludlum construed the Motion to Reduce Sentence

---

[1]All citations to docket entries in this "General Background" section are to entries in Petitioner's criminal case, 2:89-CR-085 AML.

as a successive § 2255 motion and dismissed it for lack of jurisdiction and in the alternative denied

the motion to the extent it was brought pursuant to Federal Rule of Civil Procedure 60(b)(6). *See*

Docket # 81.

Petitioner has now filed the instant § 2241 Petition, once again arguing that his Presentence

Report ("PSR") incorrectly assessed his criminal history category under U.S.S.G. § 4A1.1.

Petitioner argues that he should not have received a one point adjustment for a 1987 state offense

for which he never received a term of imprisonment.  Petitioner's claims in the instant petition are

outside the scope of 28 U.S.C. § 2241 because he has only alleged errors that occurred during or

before his sentencing.

## II.  ANALYSIS

Petitioner's claims in the instant petition are outside the scope of 28 U.S.C. § 2241 because

he has only alleged errors that occurred during or before his sentencing.  "A writ of habeas corpus

pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28

U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d

448, 451 (5th Cir. 2000).  A § 2241 petition on behalf of a sentenced prisoner attacks the manner in

which a sentence is carried out or the prison authorities' determination of its duration, and must be

filed in the same district where the prisoner is incarcerated. *Id.*  A motion under 28 U.S.C. § 2255,

by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id.*  A § 2255

motion must be filed in the court that sentenced the defendant. *Id.*

The Fifth Circuit has stated that "[a] petition for a writ of habeas corpus pursuant to [section]

2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604

F.2d 9, 10 (5th Cir.1979)).  Thus, a § 2241 petition that seeks to challenge the validity of a federal

sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. However, this Court lacks jurisdiction to construe Petitioner's motion under § 2255 because Petitioner has not received prior authorization from the Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244, 2255; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[2]

Petitioner has also failed to demonstrate that his case falls within the so-called "savings clause" provision in 28 U.S.C. § 2255. This provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied,* 122 S.Ct. 476 (2001). It is important to emphasize that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." *Jeffers*, 253 F.3d at 830 (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable

---

[2]Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. *See also, United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (noting that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one").

Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id*. at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense)). Petitioner has failed to show that "based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime," and thus has failed to demonstrate that his claims fall within the savings clause of § 2255.

Based upon the foregoing, Petitioner's claims are outside the proper scope of a § 2241 motion and this Court lacks jurisdiction to construe his petition as a § 2255 motion. Accordingly, Petitioner's petition must be dismissed. If Petitioner wishes to pursue his § 2255 claims, he must obtain permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 petition.

## III.   RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DISMISS Alfonso Martin-Portillo's Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of

jurisdiction.  The Magistrate Court FURTHER RECOMMENDS that the District Court bar Alfonso Martin-Portillo from filing any pleadings, motions or suits in a federal district court which assert claims which must be brought under 28 U.S.C. § 2255 until he has received permission from the Fifth Circuit Court of Appeals to file such claims in a successive § 2255 motion.  Lastly, the Magistrate Court RECOMMENDS that the District Court include within its judgment a provision expressly and specifically warning Alfonso Martin-Portillo that filing or pursuing any further claims which must be brought under § 2255 without first receiving permission from the Fifth Circuit may result in the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE